The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75501
Dear Senator Dowd:
This is in response to your request for an opinion concerning whether an employee of a fire department in a city with the city manager form of government may continue his employment if his brother is elected to the city Board of Directors. Specifically, your question is:
 Whether or not the Employee will have to be legally discharged or terminated by the city in the event his brother is elected to the City Board of Directors.
Additionally, you note that firefighters in Texarkana are currently employed and promoted under a civil service system which has been in existence for a number of years.
The relevant statute is A.C.A. 14-47-135, which provides as follows:
 No person shall hold an appointive position or employment in the pay of the city if that person is related by blood or marriage in the third degree either to a member of the board of directors or to the city manager.
Clearly, the fire department employee holds "employment in the pay of the city", (unless he is a volunteer), and if his brother were elected to the city board of directors, he would be related by blood to a member of the city board. It would thus appear that his continued employment would be violative of the statute. Your question is whether the employee must be legally discharged or terminated by the city upon his brother's election. Compliance with the state statute would, it seems, require such action: If any interested party were to sue to remove the employee from his position, it is my opinion that they would be successful.
You have enclosed a copy of an Unofficial Opinion issued on August 22, 1973 by then Attorney General Jim Guy Tucker which states that:
 This statute contemplates that the decision as to hiring and firing city employees would be in the hands of the Directors of the City Manager form of government or the City Manager himself. As the fire department of the City of Malvern is operated under a civil service system through which employees of the fire department are selected solely on the basis of merit through competitive examination, then it is our opinion that [A.C.A. 14-47-135] would be inapplicable in this instant [sic]".
The above statement simply may or may not be the law. A court, if faced with the question, could decide that since the advent of civil service, the statute is no longer applicable. It is my opinion, however, that this would be an unlikely outcome. A court, in my opinion, would in all likelihood, simply apply the plain language of the statute. The plain language of the statute, which was adopted in 1921, prohibits any person from holding employment in the pay of the city if that person is related by blood or marriage in the third degree to a member of the City Board of Directors. We can find no rule of statutory construction which would allow a court to amend the plain language of the statute to grant an exception for the advent of civil service.
The result may seem overly harsh, especially if the employee has long served in the pay of the city. It is my opinion, however, that this concern is properly addressed by the legislature, as a court, in my opinion, would be constrained to apply the plain language of the existing statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb